IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

YAGER MATERIALS CORP.,

    Plaintiff,

v.                                            Case No. 4:23-CV-43-JHM

EVANSVILLE MARINE SERVICE, INC.,

    Defendant.

## COMPLAINT IN ADMIRALTY

Comes now the Plaintiff, Yager Materials Corp. ("Yager"), and hereby states its causes of action against the Defendant, Evansville Marine Service, Inc. ("EMS"), as follows:

### JURISDICTION AND VENUE

1. This action arises from a barge breakaway that occurred on February 28, 2022, at or around Mile 759 on the Ohio River in Owensboro, Daviess County, Kentucky (the "Breakaway").

2. This action is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.2, because a substantial part of the events or omissions giving rise to the claim occurred on the Ohio River within this District and Division.

### PARTIES

4. Yager is, and was at all times relevant to this action, a Kentucky corporation with

its principal place of business located in Owensboro, Daviess County, Kentucky.

5.   At all times relevant to this action, Yager was the owner and operator of the dredge Don C. Rushing, which at the time of the Breakaway was located within the jurisdiction of this Court.

6.   EMS is, and was at all times relevant to this action, an Indiana corporation with its principal place of business located in Evansville, Vanderburgh County, Indiana. EMS is registered to and does conduct business in Kentucky, including within this District and Division.

7.   At all times relevant to this action, EMS was the owner, operator, and/or manager of a commercial barge fleet located at or around Mile 759 on the Ohio River (the "EMS Fleet").

## FACTS

8.   On February 28, 2022, the Don C. Rushing was anchored at or around Mile 762.8 on the Ohio River at or near Little Hurricane Island in Owensboro, Daviess County, Kentucky.

9.   On the morning of February 28, 2022, 12 barges broke away from the EMS Fleet and drifted down the Ohio River toward the Don C. Rushing.

10.  While the barges were drifting, 3 of the barges separated from the original group, and a block of 9 barges struck the Don C. Rushing causing substantial damage to said vessel.

11.  Prior to and at the time of the Breakaway, the barges that broke away from the EMS Fleet were in the exclusive care, custody, and control of EMS.

12.  Upon information and belief, EMS failed to take all measures necessary to ensure the safety and security of the barges while they were in its exclusive care, custody, and control, and to avoid the Breakaway.

13.  Upon information and belief, EMS failed to exercise ordinary care, precaution, and proper nautical skill in mooring and securing the barges in the EMS Fleet in a manner

capable of withstanding the prevailing conditions.

14. Upon information and belief, EMS negligently directed and/or allowed the barges in the EMS Fleet to be configured or positioned in a manner that exceeded that which was reasonably safe and prudent under the prevailing conditions and/or allowed by any applicable U.S. Army Corps of Engineer fleeting permit.

15. As a direct and proximate result of the foregoing acts and/or omissions of EMS, the barges broke free from the EMS Fleet, which caused the barges to be carried downriver in an uncontrolled and unrestrained manner, resulting in damage to the Don C. Rushing.

16. As a direct and proximate result of the Breakaway, including the foregoing acts and/or omissions of EMS and the resulting damage to the Don C. Rushing, Yager has incurred expenses for, *inter alia*, repair costs, survey costs, and lost production and sales revenue during the time that the Don C. Rushing was out of service while repairs were being made.

### COUNT I – GENERAL MARITIME NEGLIGENCE

17. Yager hereby incorporates paragraphs 1 through 16 of this Complaint by reference as if fully set forth herein.

18. EMS had a duty to operate the EMS Fleet in a reasonably prudent manner and in accordance with any applicable fleeting permit issued by the U. S. Army Corps of Engineers.

19. EMS had a duty to exercise reasonable care to prevent the barges in the EMS Fleet from breaking away while in its exclusive care, custody, and control, including, but not limited to, taking all measures necessary to ensure the safety and security of the barges and to avoid the Breakaway, to exercise ordinary care, precaution, and proper nautical skill in mooring and securing the barges in a manner capable of withstanding the prevailing conditions, and to configure and position the EMS Fleet in a manner that was reasonably safe and prudent under the

prevailing conditions and/or in compliance with any applicable U. S. Army Corps of Engineers fleeting permit.

20. EMS negligently breached its duties in one or more of the following non-exclusive respects:

    a. By failing to properly moor and secure the barges in the EMS Fleet; and/or

    b. By arranging the barges in the EMS Fleet in a manner that was not reasonably safe and prudent under the prevailing conditions; and/or

    c. By violating the size, location, and/or total barges allowed by any applicable fleeting permit issued by the U. S. Army Corps of Engineers; and/or

    d. By failing to take reasonable action to prevent the Breakaway; and/or

    e. For each of the reasons set forth above; and/or

    f. All other negligent acts and/or omissions established at the time of trial.

21. EMS is vicariously liable for those acts of negligence and/or statutory or regulatory violations of their respective captains, pilots, crew, and other employees, all of whom were acting within the course and scope of their employment.

22. The Breakaway and Yager's damages occurred as a direct and proximate result of the negligent acts and/or omissions of EMS described above.

23. EMS is liable to Yager for all losses, damages, costs, expenses, and disbursements proximately resulting from the Breakaway.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Yager Materials Corp., respectfully requests that the Defendant, Evansville Marine Service, Inc., be cited to appear and answer, and, after a trial on the merits, that a judgment be entered in its favor as follows:

a. Actual damages, as detailed above, in excess of the minimum jurisdictional limits of this Court, in the categories specified above;

b. Attorneys' fees;

c. Pre-judgment interest at the maximum legal rate;

d. Post-judgment interest at the maximum legal rate;

e. Court costs and expenses, including discretionary costs; and

f. Such other and further relief, special and general, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

BRATTON & O'NEAL, P.C.

By /s/ Gregory W. O'Neal
Gregory W. O'Neal – TN Bar #15860
(pro hac vice pending)
Attorney for Plaintiff
6263 Poplar Avenue, Suite 1133
Memphis, Tennessee 38119
(901) 684-6100
(901) 684-6106 - Fax
E-mail: gregoneal@brattononeal.com